# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JASWINDER SINGH, | Case No. 1:23-cv-00222-SKO |
| Plaintiff, | **ORDER VACATING HEARING AND GRANTING DEFENDANTS' UNOPPOSED MOTION TO DISMISS** |
| v. | |
| UR M. JADDOU, Director, United States Citizenship & Immigration Services, et al. | (Doc. 6) |
| Defendants. | |

Pending before the Court is Defendants' motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(1) on the grounds of mootness (the "Motion"). (Doc. 6.) Plaintiff has not filed any opposition to the Motion, and therefore it is deemed unopposed. *See* E.D. Cal. L.R. 230(c). For the reasons that follow, the Court hereby vacates the hearing set for May 24, 2023, and grants the Motion.[1]

## I.  BACKGROUND

Plaintiff Jaswinder Singh is a citizen of India who entered the United States without inspection on or about January 25, 2016, at or near Douglas, Arizona. (Doc. 1 ("Compl.") ¶ 7; Doc. 1-1 at 5.) He was placed in removal proceedings and issued a notice to appear before an immigration

---

[1] The parties consented to the jurisdiction of a U.S. Magistrate Judge. (*See* Doc. 9.)

judge in San Francisco, California, on February 4, 2016. (Doc. 1 ¶ 8; Doc. 1-1 at 2.) On August 8, 2016, Plaintiff filed a "Form I-589, Application for Asylum and for Withholding of Removal." (Compl. ¶ 9; Doc. 1-1 at 5–17.) Plaintiff currently resides in Fresno, California. (Compl. ¶ 10.)

According to Plaintiff, he submitted biometrics processing request letters to the United States Citizenship & Immigration Services ("USCIS") center located in Nebraska on July 26, 2017, and again on October 5, 2017. (Compl. ¶ 11; Doc. 1-1 at 19–20.) No response was received to either request. (Compl. ¶ 11.) A hearing before an immigration judge is currently set for September 5, 2023, in San Francisco. (Compl. ¶ 12; Doc. 1-1 at 22.)

Plaintiff filed this action on February 14, 2023, seeking an order "[c]ompelling defendants . . . to issue a biometrics receipt notice and/or biometrics appointment notice." (Compl. ¶¶ 2, 16.) The action is brought pursuant to the Immigration and Nationality Act, 8 U.S.C. § 1447; the Mandamus Act, 28 U.S.C. § 1361; the Administrative Procedure Act ("APA"), 5 U.S.C. §§ 701 and 704; and the Declaratory Judgment Act, 28 U.S.C. §2201.[2] (Compl. ¶ 1.)

Defendants contend in their Motion that, pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure, dismissal is proper because the USCIS's voluntary issuance of the requested biometrics appointment notice has mooted the action. (*See* Doc. 6 at 2.) Plaintiff has not filed any opposition to the Motion, and therefore it is deemed unopposed. *See* E.D. Cal. L.R. 230(c); Doc. 10.

## II.     ANALYSIS

Defendants assert that the USCIS has issued the requested biometrics appointment notice and, therefore, this action is moot. (*See* Doc. 6. at 2.) The Court agrees.

**A.     Rule 12(b)(1)**

A Rule 12(b)(1) motion to dismiss challenges the court's subject matter jurisdiction to hear the claims at issue. *See* Fed. R. Civ. P. 12(b)(1). "Federal courts are courts of limited jurisdiction," and may only hear cases falling within that jurisdiction. *Kokkonen v. Guardian Life Ins. Co. of Am.*,

---

[2] The complaint also indicates is it brought pursuant to 28 U.S.C. § 1331 (Compl. ¶ 1), but that is a "pure jurisdictional statute that does not, on its own, create a private right of action." *White v. Paulsen*, 997 F. Supp. 1380, 1382–83 (E.D. Wash. 1998). *See also Montana–Dakota Util. Co. v. Northwestern Pub. Serv. Co*., 341 U.S. 246, 249, (1951) ("The Judicial Code, in vesting jurisdiction in the District Courts, does not create causes of action, but only confers jurisdiction to adjudicate those arising from other sources which satisfy its limiting provisions.").

511 U.S. 375, 377 (1994). "Subject matter jurisdiction 'can never be forfeited or waived' and federal courts have a 'continuing independent obligation to determine whether subject-matter jurisdiction exists.'" *Leeson v. Transamerica Disability Income Plan*, 671 F.3d 969, 975 n.12 (9th Cir. 2012) (quoting *Arbaugh v. Y & H Corp.*, 546 U.S. 500, 514 (2006)).

An attack on subject matter jurisdiction under Rule 12(b)(1) may be facial or factual. *Edison v. United States*, 822 F.3d 510, 517 (9th Cir. 2016). In a facial attack, "the challenger asserts that the allegations contained in a complaint are insufficient on their face to invoke federal jurisdiction," but in a factual attack, "the challenger disputes the truth of the allegations that, by themselves, would otherwise invoke federal jurisdiction." *Safe Air for Everyone v. Meyer*, 373 F.3d 1035, 1039 (9th Cir. 2004). In a factual attack specifically, "the district court is not confined by the facts contained in the four corners of the complaint," "need not presume the truthfulness of the plaintiff['s] allegations," and may look beyond the pleadings. *Americopters, LLC v. FAA*, 441 F.3d 726, 732 n.4 (9th Cir. 2006); *White v. Lee*, 227 F.3d 1214, 1242 (9th Cir. 2000); *Edison*, 822 F.3d at 517. Once the moving party has provided "affidavits or any other evidence" supporting its motion, the burden shifts to the opposing party to present its own "affidavits or any other evidence necessary to satisfy its burden of establishing that the court, in fact, possesses subject matter jurisdiction." *St. Clair v. City of Chico*, 880 F.2d 199, 201 (9th Cir. 1989).

**B.    Mootness**

Article III of the United States Constitution requires that a live case or controversy must continue to exist at the time that a federal court decides the case, not just at the time the lawsuit was filed. *California Association of Rural Health Clinics v. Douglas*, 738 F.3d 1007, 1017 (9th Cir. 2013). "If an action or a claim loses its character as a live controversy, then the action or claim becomes 'moot,' and [the federal courts] lack jurisdiction to resolve the underlying dispute." *Id.* (quoting Doe v. Madison Sch. Dist. No. 321, 177 F.3d 789, 797–98 (9th Cir. 1999)). The court is thereby divested of jurisdiction to consider the merits of the action. *Independent Living Center of Southern California, Inc. v. Maxwell–Jolly*, 590 F .3d 725, 727 (9th Cir. 2009). A moot action must be dismissed for lack of subject matter jurisdiction. *Foster v. Carson*, 347 F.3d 742, 745 (9th Cir. 2003) (citations omitted).

3

1    Defendants represent that on March 17, 2023, the USCIS issued a biometrics appointment
2 notice to Plaintiff at his address of record.  (Doc. 6-1 at 1.)  Review of the exhibits attached to the
3 Motion show that the USCIS Application Support Center in Fresno, California, issued a notice
4 Plaintiff on March 17, 2023, directing him to appear at the Center on April 6, 2023, at 3:00 P.M. for
5 a "biometrics submission."  (*See* Doc. 6-1 at 3–4.)  As Plaintiff has not filed an opposition to the
6 Motion, he does not dispute the issuance of the biometrics appointment notice to him by the USCIS
7 on March 17, 2023.

8    Based on the foregoing, there no longer exists a live case or controversy with respect to
9 Plaintiff's action to compel the USCIS to issue a biometrics appointment notice, which is the only
10 relief sought by his Immigration and Nationality Act, Mandamus Act, APA, and declaratory
11 judgment claims.  (*See* Compl. ¶¶ 2, 16.)  The Court concludes this action is moot and subject to
12 dismissal for lack of jurisdiction.[3]  *See Kuzova v. U.S. Dep't of Homeland Sec.*, 686 F. App'x 506,
13 508 (9th Cir. 2017) (affirming dismissal on mootness grounds of claims for injunctive and
14 declaratory relief based on actions in violation of the APA) (citing *Nome Eskimo Community v.*
15 *Babbitt*, 67 F.3d 813, 815 (9th Cir. 1995)); *Throw v. Mayorkas*, No. 3:22-CV-05699-DGE, 2023
16 WL 2787222, at *2 (W.D. Wash. Apr. 5, 2023) ("Where an agency has already provided the specific
17 relief requested by a plaintiff, a claim for a writ of mandamus is moot."); *Allen v. Garland*, No. 21-
18 CV-09941-JCS, 2023 WL 2457407, at *5 (N.D. Cal. Mar. 10, 2023) ("Plaintiff received what her
19 complaint requested when USCIS made its decision, and she no longer suffers the injury she
20 complained of.  Therefore, her case became moot and 'must be dismissed for lack of jurisdiction.'")
21 (quoting *Ruvalcaba v. City of L.A.*, 167 F.3d 514, 521 (9th Cir. 1999)).  *See also Pitts v. Terrible*
22 *Herbst, Inc.*, 653 F.3d 1081, 1087 (9th Cir. 2011) ("[I]f events subsequent to the filing of the case
23 resolve the parties' dispute, we must dismiss the [claims] as moot[.]").

---

[3] Plaintiff's claims do not appear to meet any of the exceptions to the mootness doctrine.  *See Biodiversity Legal Found. v. Badgley*, 309 F.3d 1166, 1173–74 (9th Cir. 2002).  These claims are not "capable of repetition."  *Id*.  Nor is "voluntary cessation" applicable, because the USCIS did not change any policy in response to litigation.  *See Rosebrock v. Mathis*, 745 F.3d 963, 971–72 (9th Cir. 2014).

### III.     ORDER

For the reasons stated above, IT IS HEREBY ORDERED THAT:

1. The hearing set for May 24, 2023, is VACATED;

2. Defendants' unopposed motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(1) (Doc. 6) is GRANTED; and

3. This action is DISMISSED WITHOUT PREJUDICE for lack of jurisdiction as moot.[4]

IT IS SO ORDERED.

Dated: **April 14, 2023**               /s/ *Sheila K. Oberto*
                                        UNITED STATES MAGISTRATE JUDGE

---

[4] "[A] dismissal for mootness is a dismissal for lack of jurisdiction." *Tur v. YouTube, Inc*., 562 F.3d 1212, 1214 (9th Cir. 2009); *see also Genesis Healthcare Corp. v. Symczyk*, 569 U.S. 66, 78–79 (2013). Dismissals for lack of jurisdiction "must be without prejudice." *Hampton v. Pac. Inv. Mgmt. Co. LLC*, 869 F.3d 844, 846 (9th Cir. 2017).